VIRGINIA:

IN THE CIRCUIT COURT FOR PRINCE WILLIAM COUNTY

| | |
|---|---|
| ANNE RENEE HUFFMAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: CL14004520-00 |
| TARGET CORPORATION, *et al.*, | ) |
| Defendants. | ) |

## DEMURRER

Defendants Target Corporation, Target Stores, Inc. and Target Corporate Services, Inc. (the Target Corporation Defendants),[1] by counsel, demur to the Complaint filed by Plaintiff Anne Renee Huffman and states that it is insufficient in law and fails to state claims upon which relief can be granted, on the following grounds:

1. Count I (Negligence) fails to state a claim upon which relief can be granted because it fails to allege any facts that show: how the referenced store floor became wet; when the store floor became wet; why any one of the Target Corporation Defendants knew or should have known that the referenced floor was wet; or how the accident occurred. Stated differently, Plaintiff has failed to state any facts which allege that any one of the Target Corporation Defendants breached any duty owed to Plaintiff or that any one was negligent.

---

[1] Plaintiff improperly names Target Stores, Inc., Gainesville SuperTarget and Target Corporate Services, Inc. as defendants in this action. The Target store referenced in the Plaintiff's complaint is owned and operated by Target Corporation. Neither Target Stores, Inc. nor Target Corporate Services, Inc. own or operate the store referenced in Plaintiff's complaint. The term Gainesville SuperTarget is nothing other than a common name of a Target store. It is not an entity which can have legal liability.



DEFENDANT'S EXHIBIT B

2. Count II (Negligence Per Se) fails to state a claim upon which relief can be granted because it fails to state the specific code provisions which form the alleged basis of Plaintiff's claim and which the Target Corporation Defendants allegedly violated. Count II also fails to state a claim upon which relief can be granted because it fails to allege how the Target Corporation Defendants violated each such code provision.

3. Count III (Breach Of Contract-Third Party Beneficiary) fails to state a claim upon which relief can be granted because it fails to allege: the entity with whom each Target Corporation Defendant allegedly contracted; the existence of any contractual provisions which impose the duties alleged by Plaintiff; any facts which support the allegation that Plaintiff was "clearly and definitely intended to benefit" from the alleged contract; allege any facts which would suggest that any such contract has any application to the facts surrounding Plaintiff's alleged slip and fall; and attach a copy of the contract which the Target Corporation Defendants allegedly breached.

WHEREFORE, the Target Corporation Defendants respectfully request that the Court sustain their Demurrer, that the Plaintiff's Complaint be dismissed and that they be awarded their costs of defense, including reasonable attorneys' fees.

TARGET CORPORATION DEFENDANTS

_____
Counsel

Edward H. Starr, Jr., Esq. (VSB No. 18609)
TROUTMAN SANDERS LLP
1001 Haxall Point
P.O. Box 1122
Richmond, Virginia 23218-1122
Phone: (804) 697-1268
Fax: (804) 698-5137
E-mail: ed.starr@troutmansanders.com

*Counsel for the Target Corporation Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of July, 2015, a true and accurate copy of the foregoing was sent via U.S. Mail to:

>John R. Turbitt, Esq.
>Turbitt, O'Herron & Leach, PLLC
>8996 Burke Lake Road, Suite 304
>Burke, Virginia 22015
>Phone: (703) 57) 244-7000
>Fax: (757) 245-7740
>
>Counsel for Plaintiff

_____
Edward H. Starr, Jr., Esq. (VSB No. 18609)
Attorney for Target Corporation
TROUTMAN SANDERS LLP
1001 Haxall Point
P.O. Box 1122
Richmond, Virginia 23218-1122
Phone: (804) 697-1268
Fax: (804) 698-5137
E-mail: ed.starr@troutmansanders.com

3